996 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry J. KUZMA, Defendant-Appellant.
 No. 92-2242.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1993.
 
 Before: KEITH and JONES, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant, Jerry J. Kuzma, appeals his sentence for conspiracy to commit wire fraud, wire fraud and obtaining property by false pretenses. Upon review, we find that the district court's refusal to depart downward in sentencing Kuzma was not clearly erroneous and therefore AFFIRM the sentence imposed on him by the district court.
 
 
 2
 Kuzma contends that the district court committed reversible error by declining to grant his request for a two-point downward departure for acceptance of responsibility pursuant to United States Sentencing Guidelines § 3E1.1. A district court's refusal to credit a defendant with acceptance of responsibility is subject to a clearly erroneous standard of review and is reversible only in extraordinary circumstances when the decision is without foundation. United States v. Downs, 955 F.2d 397, 400 (6th Cir.1992).
 
 
 3
 Kuzma based his request on a post-trial statement to a probation officer, in which he "apologized for his crimes, expressed remorse for his victims, and promised to pay restitution when he got out of prison." In rejecting Kuzma's request for a downward departure at his sentencing hearing, the district court stated:
 
 
 4
 I think in view of the way in which the defendant committed this offense, involving in conspiratorial agreement not only his wife but others, and in view of his rather lengthy history of fraud, deceit and theft, for him to portray himself to the court now as being one who has suddenly seen the light, turned everything around and one who is willing to accept his proper share of guilt in this offense, it seems to me to be, as I said in my tentative findings, transparently disingenuous.
 
 
 5
 * * *
 
 
 6
 Just another way of saying I don't buy it. I don't think its legitimate, and I do not accept it.
 
 
 7
 After a careful review of the record, we have determined that the trial court had sufficient foundation to deny Kuzma's request for a downward departure. Accordingly, the district court's denial of a downward departure for acceptance of responsibility was not clearly erroneous and the sentence is therefore AFFIRMED.